UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANA EASTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:22-cv-00981 |
| | ) |
| REID HOSPITAL & HEALTH | ) |
| CARE SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Diana Eastman ("Eastman"), brings this action against Defendant, Reid Hospital & Health Care Services, Inc. ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII").

## PARTIES

2. Eastman has resided within the Southern District of Indiana at all relevant times.

3. Defendant operates and conducts business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. § 12117.

5. Eastman was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 42 U.S.C. § 2000e(b).

7. Eastman satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Eastman. She now timely files her lawsuit.

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Eastman is female, is a qualified individual with disability, has a record of a disability, and/or has been regarded as disabled by Defendant.

10. Defendant hired Eastman for the PRN position of Medical Lab Scientist in or about August 2017.

11. Eastman was the Director of Laboratory Services when Defendant fired her on or about April 19, 2021.

12. Eastman reported to Angie Dickman ("Dickman") when Defendant fired her.

13. Carrie Kolentus ("Kolentus") was the Human Resources Director at the time of her discharge.

14. Eastman's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

15. Eastman's disability substantially limited her in several major life activities.

16. Eastman attended EAP counseling sessions, as needed, for her disability.

17. Defendant's management and Human Resources employees were aware of her attendance at the EAP sessions when Defendant fired her.

18. On or about April 13, 2021, Eastman filed a safety report with Defendant because a patient who was receiving dialysis had coded due to alleged negligence by Defendant's

employees. Had she not filed the safety report, she could have been subject to losing her "Medical Laboratory Scientist Certification."

19. On or about January 11, 2021, Eastman commenced training and educating Michael Medley ("Medley") to be the Manager of Core Laboratory, which position she held from February 2018 to October 2020.

20. Medley has received substantially more compensation in this position as compared with Eastman when she was the Manager.

21. Defendant paid Eastman lesser compensation as compared with her similarly-situated male management coworkers who have performed the same or substantially similar job duties as those performed by her.

22. On or about April 19, 2021, Kolentus and Dickman advised Eastman that Defendant was firing her.

23. Kolentus told Eastman that she was an at-will employee in Indiana and then presented her with a separation and release agreement.

24. Kolentus confirmed with Eastman that she had attended EAP counseling sessions for her disability and that her signature on the release would make EAP counseling available.

25. Eastman had no knowledge that her employment was in jeopardy when Defendant summarily fired her.

26. Eastman had not received any written discipline preceding her discharge.

27. Defendant has accorded more favorable treatment to similarly-situated employees outside of Eastman's protected classes.

28. Defendant took adverse employment actions against Eastman because of her

gender, her disability, her record of a disability, and/or its perception of her being disabled.

29. All reasons proffered by Defendant for adverse actions it took regarding Eastman's employment are pretextual.

30. Eastman has suffered injury and harm as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

31. Eastman hereby incorporates paragraphs 1-30 of her Complaint.

32. Defendant took adverse employment actions against Eastman because of her disability, her record of a disability, and/or its perception of her being disabled.

33. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Eastman's rights as protected by the ADA.

## COUNT II

## SEX DISCRIMINATION – TITLE VII

34. Eastman hereby incorporates paragraphs 1-33 of her Complaint.

35. Defendant took adverse employment actions against Eastman because of her sex, including in her termination and salary.

36. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Eastman's rights as protected by Title VII.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Diana Eastman, by counsel, respectfully requests that this Court

find for her and order that:

    1.    Defendant reinstate Eastman to the same position, salary, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

    2.    Defendant pay lost wages and benefits to Eastman;

    3.    Defendant pay compensatory and punitive damages to Eastman;

    4.    Defendant pay pre- and post-judgment interest to Eastman;

    5.    Defendant pay Eastman's attorneys' fees and costs incurred in litigating this action; and

    6.    Defendant pay to Eastman any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

                              Respectfully submitted,

                              John H. Haskin, Attorney No. 7576-49
                              John R. Hurley, Attorney No. 34437-49
                              JOHN H. HASKIN & ASSOCIATES
                              255 North Alabama Street, 2nd Floor
                              Indianapolis, Indiana  46204
                              Telephone:   (317)955-9500
                              Facsimile:   (317)955-2570
                              Email:        jhaskin@jhaskinlaw.com
                              Email:        jhurley@jhaskinlaw.com
                              Counsel for Plaintiff, Diana Eastman

## **DEMAND FOR JURY TRIAL**

Plaintiff, Diana Eastman, by counsel, respectfully requests a jury trial for all issues deemed triable.

        Respectfully submitted,

        John H. Haskin, Attorney No. 7576-49
        John R. Hurley, Attorney No. 34437-49
        JOHN H. HASKIN & ASSOCIATES
        255 North Alabama Street, 2nd Floor
        Indianapolis, Indiana  46204
        Telephone:    (317)955-9500
        Facsimile:     (317)955-2570
        Email:           jhaskin@jhaskinlaw.com
        Email:           jhurley@jhaskinlaw.com
        Counsel for Plaintiff, Diana Eastman