UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANA EASTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00981-TWP-MJD |
| ) | |
| REID HOSPITAL & HEALTH CARE ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Defendant's motion to compel. [Dkt. 38.] In its motion, Defendant reports that Plaintiff has failed to provide responses to Defendant's interrogatories and document requests,[1] which were served on September 15, 2022. Plaintiff also has not filed a response to the motion to compel, and the time for doing so has expired. Defendant's motion is **GRANTED** to the extent that Plaintiff is **ORDERED** to serve complete and unequivocal responses[2] to the interrogatories and document requests **on or before January 24, 2023**. **Failure by Plaintiff fully comply with this Order may result in the Undersigned recommending that this case be dismissed with prejudice.**

Defendant also asks that Plaintiff be sanctioned pursuant to Federal Rule of Civil Procedure 37(d) and that Plaintiff be required to pay Defendant's reasonable expenses in bringing the instant motion pursuant to Rule 37(a)(5). Those requests are denied. Sanctions and an award

---

[1] Plaintiff has produced some documents, but has not served a written response to the document requests.

[2] Any objections to the discovery have been waived by Plaintiff's failure to respond in a timely manner. Accordingly, Plaintiff shall not interpose any objections in her responses.

of expenses are appropriate only if the moving party fulfills its "meet-and-confer" obligation prior to filing the motion to compel and/or request for sanctions.  *See* Fed. R. Civ. Proc. 37(d)(1)(B) ("A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action."); Fed. R. Civ. Proc. 37(a)(5)(A)(i) (court "must not" award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action").  Consistent with these rules, Local Rule 37-1(b) contains the following provision:

> Any motion raising a discovery dispute must contain a statement setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties. The court may deny any motion raising a discovery dispute that does not contain such a statement.

In this case, Defendant asserts that it fulfilled its meet-and-confer obligation under these rules by sending Plaintiff's counsel two emails (which went unanswered) and discussing the tardy discovery responses during telephonic status conferences with the Undersigned.  But neither unanswered emails nor status conferences with the Court are sufficient.  "[T]he local rule contemplates an actual meeting with a date, time, and place—whether by telephone, videoconference, or (if counsel's location permits) preferably face-to-face.  An old-fashioned chat over coffee might prove especially productive."  *Loparex, LLC v. MPI Release Techs., LLC*, 2011 WL 1871167 at *2 (S.D. Ind. May 16, 2011)).  Thus, before an award of expenses is appropriate, there must have been an actual discussion regarding the discovery dispute between counsel, or evidence—beyond the failure to answer a couple of emails—that one side has refused to engage in a good faith discussion.  Because there is neither here, the Court declines to award expenses to Defendant in this case.

Defendant shall report to the Court at the telephonic status conference set for January 27, 2023, whether Plaintiff complied in full with this Order. If she does not, the Undersigned may recommend dismissal of this case with prejudice.

SO ORDERED.

Dated: 9 JAN 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.